**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

HAROLD DEAN YOUNG,        :    Case No. 2:26-cv-429

     Plaintiff,                 :

vs.                          :    Chief Judge Sarah D. Morrison
                            :    Magistrate Judge Kimberly A. Jolson

OHIO DEPARTMENT OF        :
REHABILITATION AND         :
CORRECTION, *et al.*,          :

     Defendants.

---

**REPORT AND RECOMMENDATIONS**

---

Plaintiff filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. (Doc. 6). By separate order, the Court granted him leave to proceed *in forma pauperis*. (Doc. 5). Plaintiff's Complaint alleges that Defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio Adult Parole Authority ("OAPA"), John/Jane Doe "APA" Officers, and Supervisory Officials created a dangerous condition and false sense of safety by publishing materially inaccurate offender status information and failing to notify Plaintiff—a victim of the offender's—of critical changes in the offender's compliance with supervision requirements.

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED without prejudice** for failure to state any claims upon which relief can be granted.

## I. SCREENING LEGAL STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id*.; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.      ALLEGATIONS AND PARTIES

Plaintiff's Complaint states that Defendants maintain and operate the Ohio Offender Search system and related databases intended to provide accurate offender status information. (Doc. 6 at 3). Plaintiff explains that, on or about March 9, 2026, a state prisoner named Virgil Johnson was released from custody. (*Id.*). According to Plaintiff, the Ohio Offender Search system indicated that Johnson was compliant with supervision requirements. (*Id.*). But Plaintiff was unable to

3

locate Johnson on the Ohio Sex Offender Registry, which his supervision required. (*Id.*). Plaintiff contacted ODRC about the discrepancy. (*Id.*). ODRC personnel confirmed that they were unable to locate Johnson on the Sex Offender registry and advised Plaintiff that they would contact OAPA about the matter. (*Id.*). ODRC personnel subsequently confirmed to Plaintiff that Johnson had an active warrant for his arrest, due to his failure to comply with registration and/or other supervision requirements. (*Id.*).

Plaintiff complains that, as Johnson's victim, he was entitled to be notified of Johnson's failure to register as a sex offender; Johnson's noncompliance with supervision; and the existence of an active warrant for Johnson's arrest. (*Id.* at 4) But he received none of those notifications. He asserts that Defendants maintained public records indicating that Johnson was compliant, when, in fact, Johnson was not. (*Id.*). Plaintiff states that he made personal safety decisions in reliance on those public records. (*Id.*). He contends that Defendants knew or should have known that inaccurate reporting and failure to notify would expose Plaintiff to a foreseeable risk of harm. (*Id.*). And even though an OAPA parole supervisor contacted Plaintiff on or about March 18, 2026, to acknowledge Plaintiff's concerns, Defendants failed to correct records, to notify Plaintiff, or to mitigate risk. (*Id.*). Defendants' actions, Plaintiff concludes, created a dangerous condition and increased Plaintiff's vulnerability to harm. (*Id.*).

Plaintiff names as Defendants: ODRC, OAPA, John/Jane Doe APA Officers, in their individual and official capacities, and Supervisory Officials, in their individual and official capacities. (*Id.* at 2–3).

For relief, Plaintiff requests: compensatory damages not less than $500,000; punitive damages; injunctive relief (including correction of offender records, real-time notification systems,

4

and disclosure of violations and warrants), costs and fees, and any additional relief. (*Id.* at 7).

## III. ANALYSIS

Based on the above allegations, Plaintiff raises, under 42 U.S.C. § 1983, a Fourteenth Amendment claim of state-created danger; a claim of deliberate indifference; a *Monell* liability claim; a claim of failure to train and supervise; and a violation of the Ohio Constitution's Marsy's Law.

For the following reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Official Capacity

As a preliminary matter, insofar as Plaintiff is suing Defendants in their official capacities, his claims are subject to dismissal to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (and cases cited therein); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Soc. Servs. of New York*, 436

5

U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Because all properly named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages, the Undersigned **RECOMMENDS** the claims against the properly named Defendants in their official capacities **be dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(iii).

B. **Improperly Named Defendants**

Next, Plaintiff names OAPA and ODRC as Defendants. But for two reasons, OAPA and ODRC are not entities capable of being sued under § 1983.

First, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). As for the second requirement, the Sixth Circuit is clear that "[s]ection 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The OAPA is a state agency that has been found not to be a "person" subject to suit under § 1983. *Tolliver v. Chambers-Smith*, No. 2:22-cv-4566, 2023 WL 6622251, at *2–3 (S.D. Ohio Oct. 11, 2023), *report and recommendation adopted*, No. 2:22-cv-4566, 2023 WL 7926522 (S.D. Ohio

6

Nov. 16, 2023) (citation omitted); *Latham v. Board*, No. 1:15-cv-488, 2015 WL 5905833, at *3 (S.D. Ohio Sept. 16, 2015), *report and recommendation adopted*, No. 1:15-cv-488, 2015 WL 5882979 (S.D. Ohio Oct. 7, 2015).  ODRC is not a person either.  *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (noting that Department of Corrections is not a "person" under § 1983); *Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983").

In addition to not being "persons," state agencies such as OAPA and ODRC are "absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution."  *Harris v. Ohio Adult Parole Auth.*, No. 2:21-cv-1401, 2021 WL 1949270, at *3 (S.D. Ohio May 14, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-cv-1401, 2021 WL 3169156 (S.D. Ohio July 26, 2021).  "Sovereign immunity protects states . . . from suit in federal court."  *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 201) (citation omitted).  This immunity "also applies to state agencies or departments."  *Id*. at 410 (citation omitted).  While there are some exceptions to sovereign immunity, those exceptions do not apply here.  *See Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) ("The State of Ohio has immunity for all claims against it because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983."); *Stone v. Ohio Parole Bd.*, No. 2:21-cv-884, 2021 WL 5071827, at *2 (S.D. Ohio Nov. 2, 2021) ("Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought.") (citations omitted).

Consequently, the Undersigned **RECOMMENDS** that Plaintiff's claims against OAPA

7

and ODRC be **dismissed with prejudice** for failure to state a claim.

### C. Remaining Defendants and Claims

Having considered those two threshold issues, the Undersigned now turns to Plaintiff's remaining claims under Section 1983 and Ohio law.

> *1. Fourteenth Amendment State-Created Danger and Deliberate Indifference Claims*

Plaintiff first contends that Defendants, by publishing inaccurate and misleading information, affirmatively created and enhanced the danger to Plaintiff and placed him at greater risk than he otherwise would have been. (Doc. 6 at 4–5). He says this violated his Fourteenth Amendment due process right against state-created danger. (*Id.*). Plaintiff further alleges that Defendants knew of Johnson's noncompliance with supervision requirements and failed to act despite that knowledge. (*Id.* at 5). The Undersigned construes this as Plaintiff raising a separate Fourteenth Amendment due process claim.

As relevant to Plaintiff's state-created danger claim, the Sixth Circuit has explained that "[t]he purpose of the Due Process Clause is 'to protect the people from the States, not to ensure that the State protect[s] them from each other.'" *Stiles ex rel. D.S. v. Grainger Cnty. Tenn.*, 819 F.3d 834, 853 (6th Cir. 2016) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). There are three exceptions to the idea that that the Due Process Clause does not create an affirmative right to governmental aid—one of which is the "state-created danger" exception that Plaintiff invokes. *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 463–64 (6th Cir. 2006).

In the Sixth Circuit, a state-created danger claim has three elements: (1) an affirmative act that creates or increases the risk to the plaintiff of violence by private actors; (2) a special

danger to the plaintiff as distinguished from the public at large; and (3) the requisite degree of state culpability. *Stiles*, 819 F.3d at 854 (citation omitted); *Cf. Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066–67 (6th Cir. 1998). Accepting every allegation as true, Plaintiff has not alleged facts from which this Court could infer either that Defendants' actions constituted an "affirmative act" or that Defendants exhibited the requisite level of culpability.

"Liability under the state-created-danger theory is predicated upon affirmative acts by the state which either create or increase the risk that an individual will be exposed to private acts of violence." *McQueen*, 433 F.3d at 464 (citation and internal quotation marks omitted). The Sixth Circuit has "set a high bar" for what constitutes an affirmative act. *Id*. at 465, 468 (collecting cases finding acts that did not constitute "affirmative acts" to plead state-created danger claim). Plaintiff does not overcome that bar here. Construed liberally, Plaintiff's allegations establish only that Defendants did not act. In other words, he alleges that Defendants did not ensure that the ODRC Offender Search system and/or OAPA Sex Offender registry accurately and timely reflected Johnson's status. In the Sixth Circuit, non-actions and omissions are not affirmative acts that would give rise to a state-created danger claim. *See Renick v. Dearborn Heights Sch. Dist. #7*, 764 F. Supp. 3d 551, 559–60 (E.D. Mich. 2025) (citing *Engler v. Arnold*, 862 F.3d 571, 576 (6th Cir. 2017).

Plaintiff's Complaint does not meet the third element either, which requires him to allege that the defendants acted with at least recklessness or deliberate indifference to establish liability. *Ewolski v. City of Brunswick*, 287 F.3d 492, 510 (6th Cir. 2002) (stating that mere negligence is not sufficient to establish a due process violation under the Fourteenth Amendment) (citations omitted); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("Gross negligence is

9

not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'").  Here, Plaintiff's Complaint alleges no facts which plausibly support that the supposed inaccurate reporting or failure to notify was the result of gross negligence, recklessness, or deliberate indifference—as opposed to inadvertent error or oversight—by Defendants.

Additionally, Plaintiff has not plausibly alleged that he has a protected interest in ODRC's and/or OAPA's handling of the Offender Search system or other reporting systems that would give rise to a substantive or procedural process claim of deliberate indifference.  That is, if Plaintiff cannot meet the elements to state a Fourteenth Amendment state-created danger claim, then he cannot show that Defendants exhibited deliberate indifference sufficient to state a substantive due process claims.  *Cf. Brooks v. Werth*, No. 4:20-cv-38, 2020 WL 2615516, at *3–5 (N.D. Ohio May 22, 2020) (finding no state-created danger supporting substantive due process deliberate indifference claim).  And if Plaintiff cannot demonstrate that he has a constitutionally protected interest in ODRC's and/or OAPA's handling of their respective Offender Search and other reporting systems, then he cannot show that Defendants exhibited deliberate indifference by not affording him constitutionally sufficient process before depriving him of that "right." *Cf. id*. at *5–6 (finding no protected property interest supporting procedural due process deliberate indifference claim).

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Fourteenth Amendment state-created danger claim and deliberate indifference claim be **dismissed without prejudice** for failure to state a claim.

*2.      Marsy's Law*

Plaintiff also alleges that Defendants' actions violated the Ohio Constitution—specifically Marsy's Law. (Doc. 6 at 6). "The constitutional amendment known as Marsy's Law became effective on February 5, 2018, and expands the rights afforded to victims of crimes." *Brooks*, 2020 WL 2615516, at *2 (citation omitted). The amendment in question states the section "does not create any cause of action for damages or compensation against the state, any political subdivision of the state, any officer, employee, or agent of the state or of any political subdivision, or any officer of the court." Ohio Const., art. I, § 10a(C); *see also Brooks*, 2020 WL 2615516, at *2–3. Nor does it support a private cause of action under Section 1983. *Id.*

For this reason, the Undersigned **RECOMMENDS** that Plaintiff's Marsy's Law claim be **dismissed without prejudice** insofar as he seeks damages or compensation. And to the extent the requested injunctive relief—which itself is vague and conclusory (*see* Doc. 6 at 7)—implicates Marsy's Law, the Undersigned **RECOMMENDS** the Court decline to extend supplemental jurisdiction over Plaintiff's state constitution claim. *See Rainey v. Perkins Twp./Perkins Bd. of Trs.*, No. 3:22-cv-42, 2025 WL 2711402, at *9 n.9 (N.D. Ohio Sept. 23, 2025) (noting it is unclear if Ohio courts would conclude a plaintiff could seek injunctive relief under the relevant provision).

*3.      Monell Liability and Failure to Train and Supervise*

Plaintiff next alleges that Defendants maintain polices and practices that allow inaccurate reporting, delayed updates, and a failure to notify victims. (Doc. 6 at 5). He also alleges that Defendants failed to properly train personnel regarding the enforcement of supervision

11

requirements and duty to provide crime-victim notification. (*Id*. at 5–6). Because both counts evoke *Monell* liability, the Court addresses them together. Ultimately, Plaintiff's allegations fail to state a *Monell* claim, because *Monell* addresses municipal liability stemming from municipal policy or custom. It does not extend to state entities. Even if it did, the Court cannot plausibly infer from a single incident a policy or custom of unconstitutional actions sufficient to trigger *Monell*, or *Monell*-type, liability.

The Undersigned has already determined that state entities such as ODRC and OAPA are "absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution." *Harris*, 2021 WL 1949270, at *3. *Monell* does not change this because *Monell*-municipal liability does not extend to state entities. *See Krainski v. Nevada ex re. Bd. of Regents of Nevada Syst. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010) (acknowledging, based on *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989), that the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities); *see also Lowe v. Kentucky Atty. Gen.*, No. 2:14-141-KKC, 2015 WL 1526089, at *3 (E.D. Ky. Apr. 2, 2015) ("Conway correctly responds that he is state, not county, official, and *Monell* provides no basis for recovery against state entities or against him personally."); *Gille v. Stony Brook University*, No. 2:22-cv-02974 (NRM)(LGD), 2025 WL 850420, at *11 (E.D.N.Y. March 18, 2025) ("states and state entities are legally distinct from municipalities, and the Supreme Court has declined to extend Section 1983 liability to state entities." (citing *Will*, 491 U.S. at 68 for proposition that *Monell*'s holding that municipalities are "persons" under § 1983 does not extend to states because states are protected by sovereign immunity while municipalities are not)). *Cf. Richardson v. California Dep't of Corr. And*

*Rehab.*, No. 22-cv-06137-NC, 2023 WL 2394543, at \*4 (N.D. Cal. March 6, 2023) ("Taken together, Plaintiffs' wrongful death and *Monell* claims fail because the State Entities are protected by sovereign immunity). *But see McClure v. Trumbull County*, No. 4:24-cv-116, 2025 WL 3033495, at \*13 (N.D. Ohio Oct. 30, 2025) ("In *Monell*, 436 U.S. at 658, the Supreme Court held that local governments may be sued for civil rights violations. Accordingly, state entities may be civilly liable under § 1983 when their policies 'subject, or cause to be subjected, any person . to the deprivation of any rights, privileges, or immunities secured by the Constitution.").

Even assuming—out of an abundance of caution—that *Monell* liability extended to state entities, Plaintiff still fails to state a claim.  "To state a *municipal-liability* claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or  laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citation omitted and emphasis added) (discussing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). "A plaintiff may prove an unconstitutional 'policy' or 'custom' by demonstrating one of the following: '(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.'" *Cline v. Wiedimen*, No. 2:21-cv-112, 2021 WL 123006, at \*4 (S.D. Ohio Jan. 13, 2021) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)), *report and recommendation adopted*, No. 2:21-cv-112, 2021 WL 391724 (S.D. Ohio Feb. 4, 2021).

13

Here, Plaintiff alleges he suffered deprivations of constitutional rights under seemingly two possible theories of *Monell*-type liability: illegal policies and customs and failure-to-train. Plaintiff fails to state a claim under either theory.

First, Plaintiff alleges that Defendants maintain policies and practices that allow inaccurate reporting, delayed updates, and failure to notify victims. The term "'official policy' often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986). Even accepting Plaintiff's allegations as true, Plaintiff fails to allege facts from which the Undersigned could infer that Defendants had a "formal" or "fixed" policy of allowing inaccurate reporting, delayed updates, and failure to notify victims. *See Lipman v. Budish*, 974 F.3d 726, 748 (6th Cir. 2020) (noting a policy is "created through the official acts of the municipality's ultimate decision makers") (citation omitted). *Cf. Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 502 (W.D. Ky. 2021) (noting that even where a complaint labeled a city's alleged constitutional failing as a "policy," the complaint did not allege facts supporting the existence of a policy).

Here, Plaintiff's conclusory allegations merely assert that the constitutional deprivations he claims he suffered were due to Defendants' policies and customs. *Cf. Grandizio v. Smith*, No. Civ. 14-3868 (RBK/KMW), 2015 WL 58403, at *6 (D.N.J. Jan. 5, 2015) (stating that a plaintiff "may not simply include a *Monell* claim in his Complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the Borough. Rather, Plaintiff must allege some actual facts suggesting as much.").

14

Without more, Plaintiff would fail to state a *Monell* claim under the illegal-policies-and-customs theory of liability, even assuming *Monell* liability extended to state entities.

The Undersigned turns next to Plaintiff's accusation that Defendants fail to train and supervise personnel regarding enforcement of compliance with supervision requirements and victim notification. A municipality's inadequate training constitutes liability under § 1983 only "when it evinces deliberate indifference for the rights of those with whom the governmental employees have contact, such that the inadequate training may be fairly said to represent the government's policy or custom." *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir 2013) (citing *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989)). Deliberate indifference, in turn, requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation modified). A plaintiff can meet this "stringent standard" in one of two ways. Either he must allege (1) "evidence of prior instances of unconstitutional conduct demonstrating that the municipality had notice that the training was deficient and likely to cause injury but ignored it"; or (2) "evidence of a single violation . . . accompanied by a showing that the municipality had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Okolo v. Metro Gov't of Nashville*, 892 F. Supp. 2d 931, 942 (M.D. Tenn. 2012) (citation modified) (quoting *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 562–63 (6th Cir. 2011)); *see also id.* at 943 ("Liability for unconstitutionally inadequate supervision or discipline is treated, for all intents and purposes, as a failure to train."); *cf. Harvey*, 453 F. App'x at 563 ("[M]ere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to make out deliberate indifference.").

15

Plaintiff has not alleged evidence of prior instances of unconstitutional conduct that would demonstrate Defendants were on notice that their training or supervision of personnel tasked with maintain offender search system and/or sex offender registry data was deficient and likely to cause injury.  Nor has Plaintiff plausibly alleged that Defendants failed to train personnel to handle recurring situations presenting an obvious potential for such a violation.  *Cf. Weaver v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:24-cv-103-RGJ, 2024 WL 2819556, at *3 (W.D. Ky. June 3, 2024) (considering allegations of a federal rights violation coupled with news articles and a report detailing a police department's "shortcomings" related to investigatory searches and unreasonable use of force as adequate to state a failure to train claim).  At base, Plaintiff fails to specify any facts pertaining to global training or supervision of Defendants' personnel from which the Undersigned could infer that any constitutional deprivation Plaintiff experienced was related to inadequate training.  In fact, Plaintiff's own allegations that Defendants reached out to acknowledge his concerns and investigate the matter (Doc. 6 at 3), undercut his claim that Defendants failed to properly train personnel regarding compliance enforcement and victim notification.

Finally, any *Monell*-based claim against the John/Jane Doe OAPA supervisors also fails to state a claim.  *Monell* claims are not properly brought against individuals.  *See, e.g.*, *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012) (noting that in *Monell*-based claims the party of interest is the governmental entity) (citations omitted); *see also Phillips v. City of Cincinnati*, No. 18-cv-541, 2019 WL 2289277, at *6 (S.D. Ohio May 29, 2019) ("[T]he [purpose] of *Monell* is to impose liability on a *municipality* under certain circumstances—not individuals." (emphasis in original)).

16

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's *Monell* claim and Failure-to-Train claim be **dismissed without prejudice** for failure to state a claim.

### 4. Unidentified Defendants

Beyond the foregoing, Plaintiff's claims against the John/Jane Doe OAPA Officers and Supervisory Official Defendants also should be dismissed for failure to state a claim upon which relief can be granted. To state a claim against a defendant in their individual capacity, a plaintiff must allege personal involvement by the defendant in causing Plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196–98 (6th Cir. 1992). A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) ("There is no claim in this case that the Sheriff directly participated in or encouraged the alleged deprivations of Leach."). "A plaintiff, even one proceeding *pro se*, must plead sufficient facts to show how each defendant allegedly violated plaintiff's rights." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *18 (S.D. Ohio Mar. 17, 2023) (citations omitted), *report and recommendation adopted Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 6065130 (S.D. Ohio Sep. 18, 2023). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted). *See also, Marshall v. Westcomb*, No. 2:25-cv-144, 2025 WL 2166304, at *6 (W.D. Mich. July 31, 2025) ("Furthermore, any '[s]ummary reference to a single, five-headed "Defendants" does not support a reasonable inference that each Defendant is liable . . . .'" *Boxill [v. O'Grady]*, 935 F.3d [510,] 518 [(6th Cir. 2019)] (citation omitted)).

17

Here, the only individual persons Plaintiff lists as Defendants are unidentified "John/Jane Doe" officers and supervisory officials.  The Undersigned is not unsympathetic to the difficulties Plaintiff might face in trying to ascertain the identities of the individuals who he contends violated his rights.  But that is a basic pleading standard even *pro se* plaintiffs must satisfy for a case to proceed and Plaintiff did not even try.  *Martin v. Overton*, 391 F.3d 710,714 (6th Cir. 2004) (citation omitted).  And while the discovery processes attendant to a federal court case may be utilized to develop facts once a party states a plausible claim, they may not be used to determine if a party can state a plausible claim.  *See Lewis v. Tyrant*, No. 5:16-cv-03224-RBH-KDW, 2016 WL 7118558, at *3 (D.S.C. Nov. 4, 2016), *report and recommendation adopted sub nom.*, *Lewis v. Williams*, No. 5:16-cv-03224-RBH, 2016 WL 7104927 (D.S.C. Dec. 6, 2016) ("As currently drafted, however, Plaintiff's Complaint resembles a prohibited fishing expedition rather than a properly pleaded complaint"); *see also Capalbo v. Hollingsworth*, No. Civ. A. No. 13-3291 (RMB), 2013 WL 6734315, at *5 (D.N.J. Dec. 19, 2013 (same).

Under certain circumstances, Courts should give a plaintiff the chance to amend his Complaint when he fails to state a claim.  But where, as here, the Undersigned concludes that none of Plaintiff's claims should proceed to further development, amendment would be futile. *See generally Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) (when determining whether to allow leave to amend a complaint, the Court considers "undue delay or bad faith in filing the motion, repeated failures to cure previously identified deficiencies, *futility of the proposed amendment*, and lack of notice or undue prejudice to the opposing party." (emphasis added and citation omitted).

18

Plaintiff's claims against Defendants John/Jane Doe OAPA Officer and Supervisor Official Defendants should be **dismissed without prejudice** for failure to state a claim.

## V.      Conclusion

The Undersigned concludes that Plaintiff's Complaint should be **DISMISSED without prejudice** for failure to state a claim against the Defendants capable of being sued in their individual capacities.

### IT IS THEREFORE RECOMMENDED THAT:

1.      The Court **DISMISS** the official capacity claims for monetary damages and the claims against ODRC and OAPA **with prejudice** and **DISMISS** the remainder of the claims **without prejudice** for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

2.      The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**


Date: June 30, 2026                          *s/* Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

19

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).